# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| GENET McCANN,<br><br>       Plaintiff,<br>vs.<br><br>WARD TALEFF, et al.,<br><br>       Defendants. | CV 18-115-GF-BMM-JTJ<br><br>**ORDER** |

## BACKGROUND

Plaintiff Genet McCann ("McCann") alleges that three of her siblings conspired to exert unlawful control over cash that belongs to family-owned corporations. This underlying dispute has led to extensive litigation in Montana state courts. McCann's efforts in the Montana state court litigation have resulted in judgments against her. The Montana Supreme Court has disbarred McCann as a lawyer, declared McCann a vexatious litigant, and prohibited McCann from filing any further lawsuits in state court without prior approval.

McCann filed the present lawsuit as an effort to continue to litigate the family dispute in federal court. The named Defendants include the following parties: the state district court judge who presided over the guardianship and

1

conservatorship proceeding for McCann's mother; the state district judge's judicial assistant; the lawyers appointed by the Montana state court to serve as guardian and conservator for McCann's mother; the lawyers who participated in the Montana state disciplinary proceedings that resulted in McCann's disbarment as a lawyer; and the lawyers who opposed McCann's efforts in Montana state court to dissolve the family-owned corporations.

The Court today addresses Defendants' motion to dismiss and Defendants' motion that seeks an order declaring McCann a vexatious litigant in this Court. Magistrate Judge John Johnston conducted a hearing on these two motions on March 12, 2019. Judge Johnston issued Findings and Recommendations on April 24, 2019. Judge Johnston determined that McCann's Complaint could not be cured by an amendment. Judge Johnston recommended that all of McCann's claims be dismissed with prejudice. Judge Johnston further recommended that McCann be declared a vexatious litigant in federal court. McCann timely filed her objections to Judge Johnston's Findings and Recommendations on June 5, 2019. (Doc. 71.)

## DISCUSSION

McCann sets forth the following six objections: McCann argues that (1) Judge Johnston violated McCann's First and Fifth Amendment rights to meaningful access and opportunity to be heard on her claims in federal court; (2)

Judge Johnston abused his discretion in taking judicial notice of the factual recitals in the 10 orders from Montana state courts; (3) Judge Johnston erred in law in not giving notice per Rule 12(b) and the opportunity to respond regarding judicial notice of the 10 orders from Montana state courts; (4) Judge Johnston violated McCann's First and Fifth Amendment rights to access the federal court by denying McCann a meaningful opportunity to be heard at the hearing; (5) Judge Johnston abused his discretion by concluding that amendment of McCann's complaint would be futile; and (6) Judge Johnston erred in recommending that McCann be declared a vexatious litigant.

The Court reviews de novo Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which a party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a re-argument of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the Findings and Recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## A. Judicial Notice

Judge Johnston did not err in taking judicial notice of the underlying Montana state court cases. Defendants assert that the doctrines of res judicata and the *Rooker-Feldman* doctrine apply. Those doctrines required Judge Johnston to look at prior proceedings in the Montana state courts to determine whether McCann's claims must be precluded. Judge Johnston did not err in taking judicial notice of McCann's Montana state court cases to determine whether res judicata and the *Rooker-Feldman* doctrines applied to McCann's claims.

## B. Motions to Dismiss

Defendants moved to dismiss all of McCann's claims under Rule 12(b)(1) and Rule 12(b)(6). Fed. R. Civ. P. 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plausible claim exists when "the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### 1. Claims Against Sheila McCann, Paul McCann, Jr., William McCann, Mark Parker, and Guy Rogers.

McCann asserts claims for monetary relief against her siblings Sheila, Paul Jr. and William, and attorneys Parker and Rogers. Defendants assert that the doctrine of res judicata bars all of McCann's claims. The doctrine of res judicata bars a party from re-litigating claims that could have been brought in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001).

The doctrine of res judicata deters "plaintiffs from splitting a single cause of action into more than one lawsuit." *Asarco LLC v. Atlantic Richfield Co.*, 369 P.3d 1019, 1023 (Mont. 2016). Montana law sets forth five elements that must be met under the doctrine of res judicata: (1) the parties or their privies must be the same in the first and second actions; (2) the subject matter of the actions must be the same; (3) the issues must be the same in both actions, or they must be issues that could have been raised in the first action, and they must relate to the same subject matter; (4) the capacities of the parties in both actions must be the same in reference to the subject matter and the issues raised in the actions; and (5) the first action must have ended with a final judgment on the merits. *Brilz v. Metropolitan General Ins. Co*., 285 P.3d 494, 501 (Mont. 2012).

Judge Johnston correctly determined that Defendants met each element of res judicata. Judge Johnston first reasoned that each Defendant in this lawsuit represent either parties in *McCann 10* or are privies with persons or entities in

*McCann 10*. Judge Johnston next determined that both cases involve the same subject matter as both cases arise from the same McCann family dispute.

Third, Judge Johnston concluded that both *McCann 10* and this action arise out of "a common nucleus of operative facts." *See Ziolkowski v. Johnson Rodenburg & Lauinger*, PLLP, 2013 WL 1291615, at *7 (D. Mont. Mar. 27, 2013). As in *McCann 10*, McCann seeks a forced dissolution of the family corporations. Res judicata further bars McCann's alleged RICO claims that she did not raise in *McCann 10* because they arise from the same common nucleus of operative facts. McCann could have brought these claims in *McCann 10*.

Fourth, McCann alleges claims against the Defendants in both their individual and official capacities in this case and in *McCann 10*. McCann asserts these claims in her capacity as a shareholder of the family corporations in this case and in *McCann 10*. The capacities of the parties prove identical between the current action and *McCann 10*.

And lastly, Defendants satisfy the final element of res judicata because *McCann 10* concluded with a final judgment on the merits entered by the Montana District Court. The Montana Supreme Court affirmed the judgment. *McCann v. McCann*, 425 P.3d at 694. Judge Johnston correctly determined that the doctrine of

res judicata bars McCann's claims against Sheila, Paul, Jr., and William McCann, and attorneys Parker and Rogers.

### 2. Claims Against Cotter, Moog, Taleff and Axelberg

McCann asserts claims for monetary relief against Defendants Cotter, Moog, Taleff and Axelberg. McCann bases these claims upon the proceedings that resulted in her disbarment as a lawyer. McCann alleges misconduct against Cotter, Moog, Taleff and Axelberg in both their official and individual capacities.

#### a. Official-Capacity Claims

Defendants Cotter and Moog work for the Office of Disciplinary Counsel ("ODC"). Defendants Taleff and Axelberg serve on the Commission on Practice. The ODC and the Commission on Practice operate as agencies of the State of Montana. *See Rothstein v. Montana State Supreme Court*, 638 F. Supp. 1311, 1312 (D. Mont. 1986). McCann's claims against Cotter, Moog, Taleff and Axelberg, in their official capacities, constitute claims against the State of Montana. *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986).

The Eleventh Amendment bars a plaintiff from suing a state in federal court for monetary damages. *Hirsh v. Justices of the Supreme Court of California*, 67

F.3d 708, 715 (9th Cir. 1995). This bar extends to official capacity claims against agents of a state. *Id.* Judge Johnston correctly determined that The Eleventh Amendment bars McCann's official-capacity claims against Defendants Cotter, Moog, Taleff and Axelberg.

### b. Individual-Capacity Claims

Individual-capacity claims for monetary damages "seek to impose personal liability upon a government official for actions he takes under color of state law." *Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966 (9th Cir. 2010). The claims against Cotter, Moog, Taleff and Axelberg arise from acts that they undertook in the performance of their disciplinary proceeding duties. Cotter and Moog served as prosecutorial counsel for ODC. Taleff and Axelberg served as Chairpersons of the Commission on Practice that recommended McCann's disbarment.

Administrative law judges and attorneys who serve in disciplinary proceedings possess quasi-judicial immunity from individual capacity claims based on their actions in disciplinary proceedings. *Hirsh*, 67 F.3d at 715; *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). Cotter, Moog, Taleff and Axelberg retain quasi-judicial immunity from McCann's individual capacity claims based on

their actions in the disciplinary proceedings against McCann. *Hirsh*, 67 F.3d at 715.

### 1. Claims Against Judge Manley and Wold-McCauley

McCann asserts claims for monetary relief against Montana state court Judge Manley, and Wold-McCauley – Judge Manley's Judicial assistant. Judges possess absolute immunity from damage liability for judicial acts performed within the jurisdiction of their court. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An action may strip a judge of judicial immunity in limited circumstances: (1) when the judge acts in the clear absence of all jurisdiction; or (2) the judge performs an act that is not judicial in nature. *Id.*

Judge Manley retained jurisdiction to preside over Paul McCann Sr.'s probate, and Ann Marie McCann's guardianship and conservatorship proceedings. Judge Manley's actions, of which McCann complains, prove judicial in nature. Judge Johnston correctly determined that Judge Manley retains judicial immunity from liability for his judicial acts performed within the jurisdiction of his court. *Ashelman*, 793 F.2d at 1075.

McCann's claims against Wold-McCauley prove similarly barred. Court personnel enjoy quasi-judicial immunity for acts "integral to the judicial process."

9

*See Mullis v. U.S. Bankruptcy Court, Dist. Of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). McCann fails to identify any act by Wold-McCauley that does not stand "integral to the judicial process." Judge Johnston correctly determined that Wold-McCauley possesses quasi-judicial immunity. *Mullis*, 828 F.2d at 1390.

### 2. Claims Against Casey Emerson

McCann asserts claims for monetary relief against Casey Emerson – Ann Marie McCann's court-appointed guardian. McCann alleges liability against Emerson involvement in allowing Ann Marie to travel to California on January 6, 2015. McCann alleges that Emerson allowed Ann Marie to travel to California on that date even though Emerson knew that the Montana state court had scheduled a hearing related to Ann Marie's guardianship for January 7, 2015.

Court-appointed guardians perform quasi-judicial functions. *See e.g., Smith v. DSHS*, 2010 WL 4483531, at *2 (W.D. Wash. Sept. 28, 2010). Court-appointed guardians possess immunity for their quasi-judicial functions. *Id.* Emerson retained judicial immunity when she acted as Ann Marie's guardian pursuant to a court order. Emerson functioned as an arm of the court when she allowed Ann Marie to travel to California.

The doctrine of collateral estoppel further bars McCann's claims regarding Emerson's decision to allow Ann Marie to travel to California. Collateral estoppel bars a party from re-litigating issues that a plaintiff raised or could have raised in a prior action. *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1274 (Mont. 2006). The parties fully litigated in the Montana state court guardianship proceedings Emerson's decision to allow Ann Marie to travel to California. The Montana state district court determined that the hearing did not require Ann Marie's presence. McCann possessed a full opportunity to challenge the ruling of the Montana state district court. The doctrine of collateral estoppel bars the claims against Emerson. *Baltrusch*, 130 P.3d at 1274.

### 3. Claims Against Amanda James

McCann asserts claims for monetary relief against Amanda James. Emerson, Ann Marie's court-appointed guardian, hired James as Ann Marie's care giver. McCann alleges liability against James for traveling to California on January 6, 2015, with Ann Marie as her care giver. The doctrine of collateral estoppel bars claims against James for the same reasons regarding Emerson. *Baltrusch*, 130 P.3d at 1274.

### 4. Claims Against Doug Wold

McCann asserts claims for monetary relief against Wold. McCann alleges liability against Wold based on his conduct as a co-conservator. Court-appointed conservators possess quasi-judicial immunity for actions performed at the direction of the court. *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978). Wold possesses immunity as a court-appointed co-conservator. *Mosher*, 589 F.2d at 442.

### 5. Claims for Injunctive Relief

McCann asserts the following three claims for injunctive relief: (1) an order directing the Commission on Practice to reinstate her license to practice law; (2) an order terminating the guardianship and conservatorship appointments made by the Montana state court; and (3) an order dissolving the family corporations. Defendants counter that the *Rooker-Feldman* doctrine bars McCann's claims for injunctive relief.

The *Rooker-Feldman* doctrine provides that federal district courts possess no jurisdiction to review final judgments of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine requires that the following four elements be satisfied: (1) the plaintiff must have lost in the underlying state court proceeding; (2) a final judgment must have been

rendered in the state court proceeding before the federal lawsuit was filed; (3) the plaintiff must complaint that the state court judgment has caused her to suffer injuries; and (4) the plaintiff's complaint must invite the federal court to review and reject the final judgment of the state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Judge Johnston correctly determined that Defendants satisfy all four of the *Rooker-Feldman* criteria. McCann lost in the Montana state court guardianship proceedings. *See In re Guardianship of A.M.M.* 356 P.3d at 481; *In re Guardianship of A.M.M*. 380 P.3d at 738-746. McCann further lost in the Montana state disbarment proceeding and the lawsuit referred to as *McCann 10*. Second, the Montana state courts entered final judgments in all Montana state court proceedings before McCann filed her Complaint in the instant case. McCann next alleges that she suffered injuries as a result of the adverse decisions that she received in the Montana state court proceedings. Finally, the court would be forced to reject the final decisions of the Montana Supreme Court in order to grant McCann the equitable relief that she seeks. Judge Johnston correctly concluded that Defendants satisfied each element of the *Rooker-Feldman* doctrine. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine bars McCann's claims for injunctive relief.

## A. Motion Requesting that McCann be Declared a Vexatious Litigant

Defendants move for an order declaring McCann a vexatious litigant. Every citizen possesses a right to access the courts under the First Amendment to the United States Constitution. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Litigants may not abuse the judicial system, however, by filing numerous actions that prove frivolous or reflect a pattern of harassment. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

District courts possess the authority to stop abusive litigation by vexatious litigants by entering "pre-filing orders" that restrict the litigant's ability to file further lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The district court must take the following steps to enter a pre-filing order: (1) give the litigant notice and opportunity to be heard; (2) compile an adequate record for appellate review; (3) make substantive findings about the frivolous or harassing nature of the litigant's litigation history; and (4) tailor the order in a way that fits "the specific vice encountered." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

Judge Johnston correctly evaluated the four pre-filing order factors. Judge Johnston provided McCann with the required notice and opportunity to be heard.

Judge Johnston advised McCann of his intent to consider whether she constituted a vexatious litigant on January 29, 2019. (Doc. 53.) Judge Johnston informed McCann that it would conduct a hearing on March 12, 2019. McCann filed a brief and presented oral argument at the hearing. (Docs. 36, 62.) Judge Johnston correctly determined that Defendants satisfied the first factor. *Ringgold-Lockhart*, 761 F.3d at 1062.

The Court set forth an adequate record for review on appeal by identifying the prior litigation that warranted the pre-filing order. *See Molski*, 500 F.3d at 1059. McCann's history of litigation includes ten proceedings filed in both Montana state court and federal court. These proceedings, known as *McCann 1* through *McCann 10*, constitute vexatious, harassing, and duplicative proceedings. *Molski*, 500 F.3d at 1057. Judge Johnston correctly determined that Defendants satisfied the second element. *Ringgold-Lockhart*, 761 F.3d at 1062.

The main factor to be considered in the vexatious litigant analysis requires "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Molski*, 500 F.3d at 1059. Judge Johnston reasoned that McCann's litigation history includes both frivolous and duplicative litigation. Judge Johnston determined that the litigation history includes three appeals related to Ann Marie's guardianship and conservatorship proceedings, four frivolous attempts to challenge

15

her disbarment in federal court, and two lawsuits against the Montana Supreme Court. Judge Johnston correctly determined that McCann seeks to litigate issues that the parties have resolved, or could have resolved, in *McCann 10*. McCann's litigation conduct has caused needless expense to the parties, and unnecessary burden on the Court. Judge Johnston correctly concluded that McCann's allegations of a criminal enterprise that involves a sitting Montana district court judge, quasi-judicial officials, and well-respected lawyers proves patently frivolous and harassing. McCann's challenges did not succeed in state or federal court. McCann possesses training in the law. McCann should understand that the repeated assertion of unsupported claims in fact prove unjustifiable. McCann's conduct demonstrates clear frivolous litigation and harassment. *Ringgold-Lockhart*, 761 F.3d at 1062.

Judge Johnston correctly determined under the fourth factor that a pre-filing order constitutes the only sanction that will protect the Court and the parties from further vexatious, harassing, and duplicative lawsuits from McCann. McCann's conduct in state court demonstrates that she will continue to file frivolous and harassing lawsuits until the Court enters an order that restricts her ability to file further lawsuits. *Molski*, 500 F.3d at 1059. The Court agrees with Judge Johnston's

conclusion under the fourth factor that a pre-filing order proves proper. *Ringgold-Lockhart*, 761 F.3d at 1062.

## CONCLUSION AND ORDER

The deficiencies in McCann's Complaint cannot be cured by amendment. An order dismissing all of McCann's claims with prejudice proves appropriate.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 2, 10, 15, 31, 33, 40, 43) are GRANTED.

2. All of McCann's claims are DISMISSED with prejudice.

3. Defendants' Motions to declare McCann a vexatious litigant (Docs. 2-1, 15-1, 33-1, 43-1) are GRANTED.

4. A pre-filing order shall be entered limiting McCann's litigation activities in this Court as follows:

   a. McCann is barred from filing any further actions in this Court arising from, or related to conduct described in the Complaint filed in this lawsuit; and

   b. McCann is barred from challenging the jurisdictional authority, validity or enforceability of any prior federal or state decision in any case in which McCann has been legal counsel or a party.

5. The Clerk of Court shall be informed that if McCann attempts to file any further lawsuits with this Court, the Clerk of Court shall lodge McCann's pleadings in a miscellaneous civil case entitled *In re Genet McCann* until the Court determines whether the action should be allowed to proceed.

DATED this 23rd day of July, 2019.

_____
Brian Morris
United States District Court Judge